### PAINE *v.* ALDRICH *et al.*

(*Supreme Court, General Term, First Department.* February 11, 1891.)

CLERK OF COURT—ENTRY OF JUDGMENT.
> In the case of a trial before a court or referee, the clerk has no judicial functions, and no power except to enter the judgment directed by the court or referee.

Appeal from special term, New York county.

Action by William Paine against Elizabeth W. Aldrich, impleaded with others, to set aside certain conveyances made by plaintiff's grandfather, John Paine. Plaintiff appeals from a judgment dismissing the complaint as to defendant Elizabeth W. Aldrich.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. Laflin Kellogg,* for appellant. *G. Putnam Smith,* for respondent.

PER CURIAM. Upon an examination of this case, it appears that it was tried before the court without a jury, and that it was an action seeking equitable relief. The court has duly made its findings of fact and conclusions of law, and thereupon it would appear from the appeal papers the clerk attempted to enter judgment by means of a *postea* attached to the judgment roll. The court before whom the case was tried does not appear to have directed any such judgment, and in fact this *postea* contains relief which the clerk seems to have concluded the parties to be entitled to, but which the court has refrained from giving them. It has been determined by this court that, in the case of a trial before a court or referee, the court or referee must settle the judgment to be entered, which is the language of the Code, and that the clerk has no power to determine whether a judgment comports with a direction to enter judgment or not. The clerk has no judicial functions and no power except to enter the judgment directed by the court or referee. Consequently the court or referee must settle the judgment, and direct that judgment to be entered; and it is not for the clerk to determine whether any paper corresponds with the judgment which the court or referee has directed to be entered. The whole proceeding seems to be absolutely irregular. The papers before us do not disclose a judgment which can be reviewed upon appeal, and the case must be stricken from the calendar.